IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENE MICHNO, | |
| Plaintiff, | |
| v. | No. 13 C 7163 |
| COOK COUNTY SHERIFF'S OFFICE, *et al.*, | Honorable Judge James B. Zagel |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO**
**DEFENDANTS' MOTION TO DISMISS**

Plaintiff GENE MICHNO, through his undersigned counsel, hereby responds to Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 8-1), and in support, states as follows:

**INTRODUCTION**

Plaintiff Gene Michno (hereafter "Plaintiff") worked for the Cook County Sheriff's Office as a correctional officer. Despite being an exemplary employee for more than seven years, Defendants collectively retaliated against Plaintiff for his support of Richard Remus, the candidate running in opposition to Defendant Dart for Cook County Sheriff. Plaintiff, along with others, filed a lawsuit in federal court based upon the retaliation they experienced. Since filing the lawsuit, Defendants have continued to retaliate against Plaintiff Michno by filing false disciplinary charges against him with the Sheriff's Merit Board and sought Plaintiff's termination. These actions are in retaliation for Plaintiff exercising his constitutional rights under the First Amendment. As such, Plaintiff has adequately stated claims for retaliation under the First Amendment pursuant to 42 U.S.C. § 1983 and the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* ("IWA"). Therefore, Defendants' Motion to Dismiss Plaintiff's Complaint should be denied.

## **ARGUMENT**

### I. Motion to Dismiss Standard

A complaint survives a 12(b)(6) motion where it "invokes a recognized legal theory … and contains plausible allegations on the material issues." *Richards v. Mitcheff*, 696 F.3d 635,638 (7th Cir. 2012); *see also United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003) (citations omitted) (holding that a complaint survives a motion to dismiss where it "narrates an intelligible grievance that, if proved, shows a legal entitlement to relief"). Plaintiff is not required to present evidence in his complaint. *Hunt v. Dart*, 07 C 6003, 2010 WL 300397, *4 (N.D. Ill. Jan. 22, 2010) ("Even after *Twombly* and *Iqbal,* a plaintiff doesn't have to come forward with evidence to survive a motion to dismiss."). Rather, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

### II. Plaintiff Has Brought a Valid Section 1983 Claim Against Defendant Sheriff Dart in His Individual Capacity

Plaintiff has properly stated a claim against Defendant Sheriff Dart in his individual capacity for political retaliation. Plaintiff's Complaint demonstrates that Plaintiff engaged in constitutionally protected speech when Plaintiff filed a lawsuit in federal court alleging Defendants violated Plaintiff's constitutional rights. (*See generally* Dkt. 1, Pl. Compl.) Plaintiff's Complaint also demonstrates that Defendant Dart retaliated against Plaintiff after he filed his lawsuit when Defendant Dart instigated disciplinary charges against Plaintiff and ultimately terminated Plaintiff for exercising his First Amendment rights in opposition to Defendant Dart's campaign. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (holding that plaintiff stated claim for political retaliation and noting that whether or not the plaintiff's "allegations are in fact

true or whether the alleged harassment would actually deter a person of ordinary firmness are not questions that we address at the pleading stage.").

Defendants cite to *Kokkinis v. Ivkovish*, 185 F.3d 840, 843 (7th Cir. 1999), but that case is inapposite to the facts here. *Kokkinis* was decided on a motion for summary judgment, not a motion to dismiss. *Id*. at 843. Moreover, *Kokkinis* dealt with whether or not the plaintiff's speech was on a matter of public concern, *Id*. at 845, which is not at issue here. There is no question that Plaintiff's political affiliation is protected under the First Amendment. *See, e.g., Rutan v. Republican Party of Illinois*, 497 U.S. 62, 64 (1990) (the First Amendment forbids government officials to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved); *see also Powers v. Richards*, 549 F.3d 505, 509 (7th Cir. 2008) (termination of certain lower-level government employees because of their political affiliation may violate the First Amendment); *Carlson v. Gorecki*, 374 F.3d 461, 464 (7th Cir.2004) (with limited exceptions, public employees may not be made to suffer adverse employment actions because of their political beliefs); *Nelms v. Modisett*, 153 F.3d 815, 818 (7th Cir.1998) (dismissals of public employees for reasons of political patronage are violations of the First Amendment unless party affiliation is an appropriate requirement for the position involved); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) (holding that a campaign of petty harassments directed against a public employee in retaliation for his political beliefs or affiliations violates the First Amendment). Despite Defendants' attempts to the contrary, at this early stage of pleading, evaluating the merits of a claim is inappropriate; to state a claim for political retaliation in order to survive a motion to dismiss Plaintiff need only demonstrate that his claim contains plausible allegations on the material issues." *Richards,* 696 F.3d at 638; *see also Bridges*, 557 F.3d at 552.

Moreover, despite Defendants' attempts to analogize Plaintiff's political retaliation claim against Defendant Dart to *Pacelli v. deVito*, 972 F.2d 871, 875 (7th Cir. 1992), the analogy also falls short. *Pacelli* was also decided on a motion for summary judgment. In *Pacelli*, the plaintiff asserted that state officials "should have known" they were violating the plaintiff's constitutional rights because state law required the officials to find out about such things. *Id*. The court rejected this reasoning, noting that violations of state law are not actionable under § 1983. *Id*. In contrast here, Plaintiff is not asserting that Defendant Dart should have been aware of state laws that protected Plaintiff from political retaliation. Defendant Dart, through his disciplinary charges against Plaintiff and attempts to silence Plaintiff's political support of Defendant Dart's opponent, Remus, violated Plaintiff's *constitutional,* not state-mandated, rights. (Dkt. 1, Pl. Compl. ¶¶ 8, 54.)

A person need not be a direct participant in the deprivation of a plaintiff's constitutional rights in order to be individually liable under § 1983. *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). A defendant may be held individually liable where he acts or fails to act with a deliberate or reckless disregard for plaintiff's constitutional rights or if the conduct that caused the constitutional deprivation occurred at his direction or with his knowledge or consent. *Id*. Defendant's argument that Plaintiff's Complaint does not adequately state allegations of Defendant Dart's personal involvement is incorrect. Unlike *Potter v. Clar*k, where the court held that a sheriff could not be considered personally involved in setting bail because it was the judge's responsibility to set bail, 497 F.2d 1206, 1206, Defendant Dart was a final decision maker who had the power and discretion to terminate Plaintiff, (Dkt. 1, Pl. Compl. ¶ 9). As the court held in *Rascon*, where a state official directs or allows a constitutional deprivation to occur, a plaintiff has stated a claim for individual liability. 803 F.3d at 274.

Defendants' reference to *Moore v. State of Indiana,* 999 F.2d 1125, 1129 (7th Cir. 1993), is similarly inappropriate here. In *Moore*, the plaintiff attempted to amend his complaint to include a claim against a superintendent in his individual capacity. *Id*. However, the plaintiff did not direct the court in his brief or at oral argument to any allegations that involved the superintendent and the superintendent's participation in or responsibility for the plaintiff's constitutional deprivation. *Id*. The plaintiff also did not amend his complaint to include an individual capacity complaint for twenty-five months. *Id*. In contrast here, Plaintiff has done so and has specifically named Defendant Dart and how he was directly involved in the decision to terminate Plaintiff. (Dkt. 8-1, Pl. Compl. ¶¶ 33, 42-46.) In fact, Defendant Dart was the one that signed off on the charges seeking Plaintiff's termination before his (the Sheriff's) Merit Board.

Finally, Defendants mischaracterize the nature of Plaintiff's claim against Defendant Dart. Plaintiff does not rely upon a *respondeat superior* theory for individual liability against Defendant Dart. First, *Collins v. City of Harker Heights*, cited by Defendants, is entirely irrelevant here. 503 U.S. 115, 120 (1992). *Collins* holds that in the context of municipal liability, the theory of *respondeat superior* is not available. *Id*. Here, Defendants challenge Plaintiff's claim against Defendant Dart in an individual capacity. Plaintiff does not base his theory of liability for his claim against Defendant Dart in his individual capacity upon municipal liability or *respondeat superior*. (See generally, Dkt. 8-1 Pl. Compl.). Similarly, Defendant's reference *Lanigan v. Village of East Hazel Crest*, is irrelevant here. 110 F.3d 467, 477 (7th Cir. 1997). In *Lanigan*, a police officer's supervisor could not be held liable for the officer's misconduct under a theory of *respondeat superior*. *Id*. Plaintiff does not advance such an argument. Rather, Plaintiff states in his Complaint that Defendant Dart, in conjunction with (not in supervision over) the other named Defendants, took steps to retaliate against Plaintiff for exercising his First Amendment rights. (Dkt. 1, Pl. Compl. ¶¶ 42-46.) Despite Defendant's contention to the

contrary, Plaintiff is not required to plead "facts." Federal court is notice pleading. (*See* Dkt. 8 at 5 ("Plaintiff states no facts which demonstrate that Sheriff Dart knew of Plaintiff's protected conduct and caused disciplinary action to retaliate against this protected conduct.").) Moreover, Plaintiff does allege such facts, that Defendant Dart knew of Plaintiff's protected conduct, and that Defendant Dart cause the disciplinary action against Plaintiff to retaliate against him for his protected conduct. (Dkt. 1 ¶¶ 29-31, 33, 38, 40, 43-44.) For these reasons, Plaintiff's individual capacity claim against Defendant Dart should not be dismissed.

### III. Defendant Cook County Sheriff's Office Has the Capacity to Be Sued

Defendants argue that the Cook County Sheriff's Office is not a legal entity susceptible to suit. Defendant's argument is simply not the case. *See, e.g., Harrison v. County of Cook*, 2011 WL 4036115, *8 (N.D. Ill. Sept. 12, 2011) (Cook County and the Cook County Sheriff's office are separate entities with distinct responsibilities); *Clinkscales v. Sheahan*, 97 C 8096, 1998 WL 292402, *3 (N.D. Ill. May 19, 1998) ("To state an official capacity claim against Sheahan, therefore, Clinkscales must state a section 1983 claim against the Cook County Sheriff's Office."); *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 512-515 (2003) (Although the office of sheriff is not specifically listed as a "local public entity" in the Illinois statutes, "Illinois courts have long recognized that various public entities, although not expressly identified in the statute, are within the definition of 'local public entity' and 'the office of the sheriff of La Salle County, [. . .] is this local public entity which would be liable for any judgment on plaintiffs' claims.'"). In fact, Defendants have asserted in other cases that the Cook County Sheriff's Office has and is being sued. *See Haynes v. Dart*, 2010 WL 140387, *4 (N.D. Ill. Jan. 11, 2010) ("The court is mindful that this case 'is one of approximately 800 lawsuits now pending against the [Cook County] Sheriff's Office,' and that the establishment of a formal litigation hold in each case could cause an undue burden. Def. Resp. at 8."). Thus, as a local public entity existing

within the structure of Cook County government, the Cook County Sheriff's Office is able to be sued. It should not be dismissed as a Defendant here.

Defendants attempt to distinguish this case from the clearly established precedent above by citing to *Conway v. County of Cook*, 1999 U.S. Dist. LEXIS 236 at *9-11 (N.D. Ill. Jan. 7, 1999) and *Magnuson v. Cassarella*. 812 F.Supp. 824, 827 (N.D. Ill. July 9, 1992). However, in *Magnuson*, the court agreed to dismiss a claim against the Cook County Sheriff Police Department, not to the Cook County Sheriff's Office, which Plaintiff names in his complaint here. *Id*. The Police Department is but one division of the Cook County Sheriff's Office. Similarly, in *Conway*, the plaintiff named the "Cook County Sheriff's Department." 1999 WL 14497, at **3-4 (N.D. Ill. Jan. 8, 1999). The court held that the "department" is maintained merely as a "division" of the sheriff of Cook County. *Conway v. Cook Cnty.*, 1999 WL 14497, *3 (N.D. Ill. Jan. 8, 1999). As explained above, the Cook County Sheriff's Office has the capacity to be sued. *See also Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998) (holding that "the lack of identity between the county sheriff's department and the general county government indicates that §1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board."). Moreover, Defendants' citation to 55 ILCS 5/3-6019 merely outlines the powers and duties of the sheriff; it does not indicate that the Sheriff's Office lacks the capacity to be sued. Finally, Defendants' reference to *Jackson v. Village of Rosemont* is wholly inapposite. 180 Ill. App. 3d 932, 937 (Ill. App. Ct. 1988). While the case aptly indicates that a defendant must have a legal existence to be subject to suit, in *Jackson* the plaintiff attempted to sue a stadium, which was owned by the Village of Rosemont. *Id*. However, the court concluded that stadium was merely a structure, incapable of being sued. *Id*. at 937. In contrast here, Plaintiff names the Cook County Sheriff's Office, which is not comprised of simply a building, but rather all of its officers and county agents, who were

7

responsible for violating Plaintiff's constitutional rights. (*See generally*, Dkt. 1, Plaintiff's Complaint.) For these reasons, Defendant Cook County Sheriff's Office should not be dismissed from this suit.

## IV. Plaintiff Has Stated a Section 1983 Claim Against the Cook County Sheriff

Plaintiff has also stated a claim against the Cook County Sheriff, Defendant Thomas Dart, in both his individual and official capacity. (Dkt. 1, ¶ 8.) In order to state a claim against Defendant Cook County Sheriff's Office or Dart in his "official capacity," Plaintiff "must allege that the defendant promulgated or enforced a policy or custom in his official capacity as one with decisional authority, which led to the deprivation of plaintiff's constitutional rights." *McMurry v. Sheahan*, 927 F. Supp. 1082, 1088-89 (N.D. Ill. 1996). However, when stating an official capacity claim it is not necessary for an "actual" policy to exist in order to establish liability. *Id*. A plaintiff may instead demonstrate a "custom" by "proving that the policymaking officials had knowledge of and acquiesced in the established practice." *Id*. Where "a particular course of action is authorized by a municipality's authorized decision-makers, it represents a policy rightly attributed to the governmental entity, and in such a case, there is no need to resort to proof of the policy's multiple applications to attribute its existence to the municipality." *Felton v. Bd. of Comm'rs of Cnty. of Greene,* 5 F.3d 198, 203 (7th Cir. 1993) (quoting *Ross v. United States,* 910 F.2d 1422, 1430 (7th Cir.1990) (*citing Pembaur,* 475 U.S. at 480-81, 106 S.Ct. at 1298-99; *Yeksigian v. Nappi,* 900 F.2d 101, 104 (7th Cir.1990)).

Defendants, in citing *Sivard v. Pulaski County*, 17 F.3d 185, 199 (7th Cir. 1994) for the notion that typically a single allegation of wrongdoing does not establish a policy, custom or practice, mischaracterize the nature of Plaintiff's Complaint. Plaintiff has not pointed to only one, isolated incident of unconstitutional behavior. Rather, Plaintiff's Complaint is rife with instances of regular, patterned behavior that Defendants, including Defendant Dart as Cook

County Sheriff, took in retaliation for Plaintiff's exercise of his First Amendment rights. Such a pattern and practice is outlined again here:

- Beginning in or about February 2006, Plaintiff Michno and other officers who supported Remus were subjected to various forms of political retaliation due to their support of Remus. ¶ 28.

- In or about February 2007, Plaintiff Michno, along with several of the other officers who supported Remus, filed a civil rights lawsuit in federal court alleging violations of their First Amendment rights in violation of federal law. The federal lawsuit, *Hernandez, et al. v. Cook County Sheriff's Office, et al.*, Case No. 07 C 855 (N.D.Ill.), is still pending and Plaintiff Michno is an active participant in the lawsuit. ¶ 29.

- Defendants sought charges seeking the termination of Michno's employment before the Cook County Sheriff's Merit Board ("Merit Board") because Michno filed and participated in the federal civil rights lawsuit. ¶ 30.

- Defendants Nolan, Whittler, Ways, and Hickerson, with the knowledge and/or consent of Defendant Dart, have also engaged in selective enforcement of charges against employees based on political affiliation or non-affiliation and those that have complained about the Sheriff's Office practice of retaliation based on political affiliation. ¶ 45.

- Defendants have engaged in a pattern and practice of retaliation against employees based on their political affiliation and in response to their complaints about political discrimination. ¶ 46.

Where a plaintiff has alleged a pattern or series of unconstitutional incidents, such allegations are sufficient to survive a motion to dismiss. *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981). Here, Plaintiff has demonstrated Defendant Dart as Cook County Sheriff regularly engaged in a pattern of retaliation and adverse employment actions against Plaintiff after he exercised his First Amendment rights in supporting Remus in the election for Cook County Sheriff. As indicated by Plaintiff's separate federal lawsuit, *Hernandez, et al v. Cook County Sheriff's Office, et al*, Case No. 07 C 855 (N.D. Ill.), Plaintiff is not the sole victim of political retaliation. (Dkt. 1, Pl. Compl. ¶ 29.) Numerous other plaintiffs have joined in Plaintiff's Michno's claims of First Amendment violations by Defendant Dart. Therefore, given the

9

prevalent and ongoing nature of the political retaliation, paired with the fact that Plaintiff was not the only victim of retaliation, such behavior by Defendant Dart was not a mere isolated instance.

Defendants have over-exaggerated pleading standard. As detailed above, Plaintiff has not provided only "threadbare recitals" of a cause of action or stated "mere conclusions." Furthermore, since *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Seventh Circuit has reiterated that the pleading standard under Rule 8 is still notice pleading. *E.g., Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In *Tamayo*, the Seventh Circuit reiterated: "We previously have stated, on numerous occasions, that a plaintiff alleging employment discrimination . . . may allege these claims quite generally." 526 F.3d at 1081. "A complaint need not allege all, or *any,* of the facts logically entailed xby the claim, and it certainly need not include evidence." *Id.* (internal citations and quotations omitted); *see also Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998). In discussing *Bell Atlantic*, the Seventh Circuit held: "We [] have cautioned, however, that *Bell Atlantic* 'must not be overread.' Although the opinion contains some language that could be read to suggest otherwise, the Court in *Bell Atlantic* made clear that it did not, in fact, supplant the basic notice-pleading standard." *Id.* 1082-83 (quoting *Limestone Dev. Corp. v. Village of Lemont,* 520 F.3d 797, 803 (7th Cir. 2008) and *Bell Atlantic,* 127 S.Ct. at 1973 n. 14 (expressly disclaiming the establishment of any "heightened pleading standard")). The Seventh Circuit further noted, "Indeed, '[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8.'" *Id.* at 1081 (*quoting Bennett*, 153 F.3d at 519)). In *Tamayo*, the Seventh Circuit reversed the district court's dismissal of the plaintiff's complaint. As to the plaintiff's § 1983 claim, the plaintiff "specified that 'Defendants Blagojevich, Hamer and Monk treated

Plaintiff less favorably than such similarly-situated male employees on account of her gender,'" and "alleged that the individual defendants 'intentionally engaged in a course of conduct to prevent Plaintiff from being paid the $160,000 per year that Plaintiff was told that she would receive.'" *Id.* "Drawing all inferences in Ms. Tamayo's favor, these allegations are sufficient to state a claim of sex discrimination under section 1983." *Id.* Similarly here, Plaintiff has put Defendant Dart on notice of the nature of the claim against him in his official capacity. (Dkt. 1, Pl. Compl. ¶¶ 28-30, 45-46.)

Defendant Dart is a final policymaker. Sheriffs in Illinois have final policymaking authority and a custom or policy may be established by alleging that a constitutional injury occurred as the result of actions of a person with final policymaking authority. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000 1013 (7th Cir. 2000). Just as the court in *Fiorenzo v. Nolan* held that the sheriff, not lower level employees, was responsible for transferring employees between divisions, so too here does Defendant Dart possess the ability to take final and adverse employment actions against Plaintiff. 965 F.2d 348, 352 (7th Cir. 1992); *see also* 55 ILCS 5/3-7011 ("Disciplinary measures prescribed by the Board may be taken by the sheriff for the punishment of infractions of the rules and regulations promulgated by the Board.").

Plaintiff has stated an official capacity claim against Defendant Dart via two avenues pursuant to Section 1983: by both stating that Defendant Dart is a final policymaker and by showing the pattern and practice of political retaliation Plaintiff, along with others, endured at the hands of Defendant Dart. Unlike *Waters v. City of Chicago,* where the plaintiff failed to provide any evidence of an express policy or practice and did not present evidence at trial that the constitutional injury was caused by a final policymaker, here Plaintiff has demonstrated both. 580 F.3d 575, 582 (7th Cir. 2009). Moreover, at this stage of litigation, pleading evidence is not necessary nor appropriate. *Tamayo*, 526 F.3d at 1081.

11

As a final matter, the analysis is *Auriemma v. Rice,* 957 F.2d 397, 400 (7th Cir. 1992), cited by Defendants, is not applicable here. In *Auriemma*, a plaintiff sought a claim against the Superintendent of Chicago Police, not the Sheriff of Cook County. *Id.* at 398. Moreover, Defendants' use of *Auriemma* again fails to comprehend the allegations set forth in Plaintiff's Complaint. Unlike the plaintiff's complaint in *Auriemma*, which defeated its own claim by alleging that the superintendent of the police department departed from the practice of merit selection (*id.* at 401), here, Plaintiff is not alleging Defendant Dart deviated from an established practice. Plaintiff asserts that Defendant Dart, as a final policymaker, created a pattern of unconstitutional conduct that deprived Plaintiff of his First Amendment rights. For these reasons, Plaintiff's official capacity claim against Defendant Dart should not be dismissed.

## V. The Illinois Whistleblower Protection Act Provides for Individual Liability

A plain reading of the IWA unquestionably provides for individual liability. Defendants have improperly interpreted well-established precedent, and the plain meaning of the IWA. The IWA in pertinent part "prohibits an employer from retaliating against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of State or federal law, rule, or regulation." *Callahan v. Edgewater Care & Rehab. Center, Inc.*, 374 Ill. App. 3d 630, 632-633 (1st Dist. 2007); 740 ILCS § 174/15 (2012). Defendants have not directed this Court to the proper section of the Act for controlling definitions of who is considered an "employer." Defendants cite to 740 ILCS 174/15 as an indication that the individual Defendants named in Plaintiff's complaint are not liable under the Act. This portion of the Act prohibits employers from retaliating against employees who engage in protected activity. However, the more relevant portion of the statute- the definitions section which controls the applicability of the Act – clearly provides for individual liability. As defined by the plain language of the IWA, an "employer" is:

12

> an individual, sole proprietorship, partnership, firm, corporation, association, and any other entity that has one or more employees in this State, including a political subdivision of the State; a unit of local government; a school district, combination of school districts, or governing body of a joint agreement of any type formed by two or more school districts; a community college district, State college or university, or any State agency whose major function is providing educational services; any authority including a department, division, bureau, board, commission, or other agency of these entities; and ***any person acting within the scope of his or her authority express or implied on behalf of those entities in dealing with its employees***.

740 ILCS 174/5 (emphasis added). The plain language of the Act establishes that a cause of action may be brought against individuals. *See also Harris v. Illinois*, 753 F. Supp. 2d 734, 742 (N.D. Ill 2010) (the plain language of the Whistleblower Protection Act clearly contemplates a cause of action against individuals).

Defendants rely upon case law which analyzes the damages structure of non-controlling statutes under Title VII, the ADA, and the ADEA. While *EEOC v. AIC Security Investigations, Ltd* 55 F.3d 1276, 1281 (7th Cir. 1995) may have stated that the "original design" of damages under the ADA, Title VII, and ADEA provides for remedies that are "typically only obtainable from an employing entity," this argument is irrelevant here. First, as discussed above, the IWA plainly allows for individual liability. 740 ILCS 174/5. Second, while interpretations of the damages under Title VII, the ADA, and ADEA may be persuasive in drawing parallel analysis to the damages available under the IWA, it is not controlling. Where the language of a statute is plain, that interpretation is controlling. *Meredith v. Bowen*, 833 F.2d 650, 654 (7th Cir. 1987) ("a court need not look beyond the words to interpret a statute if the language is clear and unambiguous"); *Ayrault v. Pena,* 866 F. Supp. 372, 375 (N.D. Ill. 1994) (holding "it is well settled that the plain language of a statute is the best evidence of its meaning and the most reliable indicator of congressional intent"). Therefore, turning to Plaintiff's complaint, each of the named individual Defendants falls squarely within the interpretation of the IWA. Defendant Cook County Sheriff's Office is an employer as defined under the Act because it is a unit of local

government. 740 ILCS 174/5. Each of the individually named Defendants serves the Cook County Sheriff's Office and acted in the scope of his/her authority. Therefore, each individually named Plaintiff is liable under the Act, and as such, Defendants' motion to dismiss Plaintiff's IWA claims must be denied.

## VI. Cook County is a Proper Party to this Lawsuit Under Both Counts

Defendants have failed to develop or articulate why Cook County should not be named as a party in Plaintiff's Illinois Whistleblower Act claim. Defendants do not cite to any authority to support their position with regards to this claim. Therefore, Defendants' argument that Cook County should be removed from Plaintiff's Illinois Whistleblower claim is waived. *E.g., United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir.1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

Under Plaintiff's § 1983 claim, Cook County is a necessary party because Plaintiff is seeking damages from, as Defendants concede (Dkt. 8, at 13), an independently elected officer. *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 636 (7th Cir. 2009). Since Illinois state law requires the county to pay for suits against independently elected county officers, "federal law deems [Cook County] an indispensible party to the litigation." *Id*. Furthermore, under Illinois law, when a party seeks a claim against the sheriff in his official capacity, the county must pay any judgment or settlement entered against the sheriff. *Carver*, 203 Ill. 2d at 522. *Carver*, which the Illinois Supreme Court decided after *Moy v. County of Cook*, 159 Ill. 2d 519, 532 (1994) and *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989), acknowledged that while the Cook County Sheriff answers to the electorate and is vested with various forms of independent authority from the county (*id*. at 513), including the authority to settle a suit against him in his official capacity (*id*. at 516), the county is required to pay any judgment or settlement against the sheriff in his official

capacity. *Id*. at 522. Here, Plaintiff has, among other claims, sought § 1983 liability against Defendant Dart in his official capacity as Sheriff of Cook County. (Dkt. 1, Pl. Compl. ¶ 8.) Therefore, Plaintiff's claim clearly falls within the mandates of *Carver* and *Askew*. Plaintiff has properly named Cook County as an indispensable party and, should Defendant Dart be found liable in his official capacity, Cook County will be obligated to pay any judgment.

## CONCLUSION

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests the Court deny Defendants Motion to Dismiss Plaintiff's Complaint (Dkt. 8), and grant such other relief that is just and equitable.

Respectfully submitted,

GENE MICHNO


*s/Dana L. Kurtz*

Attorney for Plaintiff

Dana L. Kurtz, Esq.
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on this 13th day of January 2014.

James Charles Pullos          james.pullos@cookcountyil.gov

*s/Dana L. Kurtz*

*Electronically filed on January 13, 2014*