# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GENE MICHNO, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 13 C 7163<br>) |
| COOK COUNTY SHERIFF'S<br>OFFICE, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Gene Michno worked for the Cook County Sheriff's Office as a correctional officer. In the present lawsuit, he alleges that the Sheriff and other Sheriff's Office officials initiated disciplinary proceedings against him in 2011 and made a decision to terminate his employment in 2015 in retaliation for his support for a competing candidate for Sheriff in 2006 and his filing of a lawsuit against the Sheriff in 2007. Michno lost the 2007 lawsuit. The present case was largely kept on pause while the 2007 lawsuit was pending.

Michno asserts claims under 42 U.S.C. § 1983 and the Illinois Whistleblower Act (IWA), 704 ILCS 174/15. The defendants have moved to dismiss Michno's amended complaint under Federal Rule of Civil Procedure 12(b)(6). They argue that he has not sufficiently alleged a basis to impose liability on two defendants, Sheriff Thomas Dart and Undersheriff Zelda Whittier. The defendants also argue that all defendants are entitled to the benefit of qualified immunity because in determining whether to discipline

him, they were performing discretionary functions, and they had no basis to believe that their conduct violated Michno's constitutional rights. With regard to Michno's IWA claim, the defendants argue that there is no basis for individual (as opposed to entity) liability under the IWA. They initially argued that Michno's IWA's claim is time-barred but withdrew that argument after Michno pointed out that Judge James Zagel, to whom the case was previously assigned, had already overruled that contention in ruling on defendants' motion to dismiss Michno's original complaint.

## Discussion

The Court overrules defendants' contention that the complaint does not allege a sufficient basis for imposition of individual liability under section 1983 against defendants Dart and Whittier. Judge Zagel rejected this exact argument in denying defendants' motion to dismiss Michno's original complaint. Defendants offer no basis for this Court to disturb that ruling.

Defendants' qualified immunity argument borders on the frivolous, at least when made on a motion to dismiss for failure to state a claim. Defendants seem to contend that employee discipline in the law enforcement context is inherently discretionary and that for this reason they are entitled to qualified immunity. That is a *non sequitur*. Performance of a discretionary function is a necessary predicate for application of the defense of qualified immunity, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), but that does not mean that it is a sufficient basis by itself to establish the defense. So the proposition that defendants were dealing with matters involving discretion does not, without more, entitle them to qualified immunity.

The question a court must answer when a qualified immunity defense is raised is

2

whether the defendant's conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* "Courts use a two-part test to determine whether officers are entitled to qualified immunity: (1) whether the facts, viewed in a light most favorable to the injured party, demonstrate that the conduct of the officers violated a constitutional right, and (2) whether that right was clearly established at the time the conduct occurred." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015) (internal quotation marks omitted). A court may consider either part of the test first. *Id.*

Addressing the second part of the qualified immunity test, the law has been clear for decades that a non-policymaking government employee (like a correctional officer) may not be subjected to adverse employment action because of his political affiliation. *See, e.g. Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990); *Elrod v. Burns*, 427 U.S. 347 (1976). The same is true of retaliation against a government employee for filing a lawsuit, at least if the suit involved a matter of public concern (defendants do not argue that the 2007 lawsuit does not meet this standard). *See, e.g., Zurzi v. Cty. of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994).

Defendants do not argue otherwise. On the specific point they raise, it is true that law enforcement entities "are given more latitude in their decisions regarding discipline and personnel regulations than an ordinary government employer," *Volkman v. Ryker*, 736 F.3d 1084, 1092 (7th Cir. 2013), but that does not help defendants in the present context. Because they have moved to dismiss for failure to state a claim, the Court is required to take Michno's factual allegations as true. Among the allegations the Court must accept as true are Michno's squarely-made allegations that defendants took

3

adverse employment action against him because of his filing of and participation in the earlier federal lawsuit and his exposure of wrongful conduct by the Sheriff's Office and because of his political affiliation. See Am. Compl. ¶¶ 25, 28, 30, 47, 49, 51, 52, 53, 54, 63. Nothing in *Volkman* or any other case defendants cite suggests that a reasonable person in defendants' position could think that such actions do not run afoul of clearly established federal law. Rather, in *Volkman*, the Court was addressing a summary judgment motion in which the Court was evaluating the justification for the contested disciplinary action. At the present stage of this case, no evidence of the defendants' claimed justification for disciplining Michno is before the Court.

For these reasons, defendants are not entitled to dismissal of Michno's section 1983 claims.

The Court dismisses Michno's IWA claim against all of the defendants except for Sheriff Dart in his official capacity for the reasons stated in *Bello v. Village of Skokie*, No.14 C 1718, 2014 WL 4344391, at *8-9 (N.D. Ill. Sept. 2, 2014) (Kennelly, J.). In a nutshell, the IWA imposes liability only on a person's "employer," and as individuals these defendants were not Michno's "employer."

## Conclusion

For the reasons stated above, the Court dismisses Count 2 of plaintiff's amended complaint (his Illinois Whistleblower Act claim) against all defendants other than Sheriff Dart in his official capacity but otherwise denies defendants' motion to dismiss [dkt. no. 95].

Date: February 6, 2018

_____
MATTHEW F. KENNELLY
United States District Judge

4